UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAJOR PARTITIONS, on behalf of itself and
on behalf of all others similarly situated,

                      Plaintiff,

-against-

MATERIAL HANDLING TECHNOLOGIES, INC.,
JOHN ENGLERT,
JOHN DOE 1 THROUGH 5,
JOHN DOE 6 THROUGH 10, AND
LIBERTY MUTUAL GROUP, INC.,

                      Defendants.

---

Civil Action No. 5:18-cv-482 (BKS/TWD)

**COMPLAINT**

Plaintiff, Major Partitions, by and through its attorneys, Sheats & Bailey, PLLC, for its Complaint against defendants, Material Handling Technologies, Inc., John Englert, John Doe 1 through 5, John Doe 6 through 10, and Liberty Mutual Group, Inc., states as follows:

1. Plaintiff is a foreign corporation organized and existing pursuant to the laws of the Canada with an office and principal place of business located in Candiac, Quebec.

2. Upon information and belief, defendant, Material Handling Technologies, Inc., is a foreign business corporation organized and existing pursuant to the laws of the State of North Carolina with an office located in Onondaga County, New York.

3. Upon information and belief, defendant, John Englert, is an individual residing in the State of New York.

4. Upon information and belief, defendants, John Doe 1 through 5, are corporate officers, shareholders, owners, agents or operatives of the defendant, Material Handling Technologies, Inc.

5. Upon information and belief, defendants, John Doe 6 through 10 are lenders, banks or entities which received trust fund assets illegally diverted, as alleged herein, by the defendants, Material Handling Technologies, Inc. and/or John Englert.

6. Upon information and belief, defendant, Liberty Mutual Group, Inc., is a foreign business corporation authorized to do business in New York and is a surety and/or insurance company engaged in and doing business in the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT, MATERIAL HANDLING TECHNOLOGIES, INC.

7. Plaintiff and defendant, Material Handling Technologies, Inc. ("MHT") entered into a contract for good and valuable consideration whereby plaintiff agreed to provide certain materials for a project known as the Army Reserve Center located in Mattydale, New York (hereinafter "Project").

8. Pursuant to the contract with MHT, plaintiff provided materials for the Project.

9. Plaintiff completed the work and MHT has refused to pay the plaintiff the amount due and owing for said materials.

10. The plaintiff has performed all of the terms and conditions which were on its part to be performed. MHT has breached the aforesaid contract by failing and refusing to pay the plaintiff the sum of $40,827.50, together with interest thereon at the rate of 12% per annum pursuant to Section 756-b of the General Business Law of the State of New York, and attorneys' fees, and has otherwise breached the aforesaid contract.

11. As a result of the aforesaid breaches, plaintiff has been damaged in the amount of $40,827.50, together with interest thereon at the rate of 12% per annum pursuant to Section 756-b of the General Business Law of the State of New York, and attorneys' fees.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, MATERIAL HANDLING TECHNOLOGIES, INC.

12. At the special insistence and request of MHT, the plaintiff provided materials to MHT for incorporation into the Project.

13. As a result of the provision of said materials, a sum became due and owing from MHT to plaintiff.

14. MHT has refused to pay plaintiff for the aforesaid materials and has thereby been unjustly enriched by the materials provided by the plaintiff and owes the plaintiff the sum of $40,827.50, together with interest thereon at the rate of 12% per annum pursuant to Section 756-b of the General Business Law of the State of New York, and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, MATERIAL HANDLING TECHNOLOGIES, INC.

15. The plaintiff provided MHT with certain materials, which materials were accepted by MHT.

16. Thereafter, plaintiff sent its invoices and statements of account to MHT, which invoices and statements of account have been kept and retained by MHT without objection thereto.

17. The sum of money due to plaintiff on said invoices and statements of account total $40,827.50, together with interest thereon at the rate of 12% per annum pursuant to Section 756-b of the General Business Law of the State of New York, and attorneys' fees.

18. As a result of the aforesaid, an account has been stated between plaintiff and MHT in the amount of $40,827.50, together with interest thereon at the rate of 12% per annum pursuant to Section 756-b of the General Business Law of the State of New York, and attorneys' fees.

AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
DEFENDANT, MATERIAL HANDLING TECHNOLOGIES, INC.
AND FIRST CAUSE OF ACTION AGAINST
DEFENDANT, JOHN ENGLERT

19. This action is brought pursuant to the provisions of Article 3-A of the Lien Law of the State of New York.

20. On or about February 7, 2018, a Lien Law §76 Demand was served upon defendants, John Englert and Material Handling Technologies, Inc. A response was required within ten (10) days of service of same. No response was ever received. Upon information and belief, failure to fully respond in a timely manner is a presumption of a diversion.

21. Funds received by Material Handling Technologies, Inc. and/or John Englert (collectively referred to as "trust fund defendants") for the construction project constitute the assets of a trust established pursuant to Article 3-A of the Lien Law of the State of New York.

22. Pursuant to Lien Law Section 71, the trust assets in the hands of the trust fund defendants are to be held and applied for the benefit of and payment of claims of beneficiaries pursuant to Article 3-A of the Lien Law.

23. Plaintiff is a beneficiary of the aforesaid trust assets.

24. The trust fund defendants received certain trust fund assets for the benefit of beneficiaries on the project including the plaintiff herein.

25. Defendant John Englert made unauthorized, illegal, unjustified and improper payment(s) and diversion(s) of trust funds by operation of law.

26. Defendant John Englert's use of such funds was with notice and knowledge of the source and origin thereof, and with notice and knowledge of the claims of the plaintiff entitled as a statutory beneficiary to payment out of such funds. In accepting retaining and applying such proceeds, defendant John Englert diverted these funds from a statutory beneficiary.

27. The trust fund defendants have applied said trust fund assets for purposes other than trust purposes and have thereby diverted trust fund assets.

28. That such monies so received were and are part of the fruits of the performance by plaintiff and were and are statutory trust funds and were required by law to be first expended and applied to the payment of the cost of the various improvements. Diversion thereof by defendants is unlawful.

29. Such diversions are in violation of Article 3-A of the Lien Law.

30. The defendant, John Englert, knowingly and willfully participated in, directed, permitted or caused the diversion of trust fund assets.

31. Upon information and belief defendants did not maintain any accounting records reflecting the establishment of any trust fund for the protection of the suppliers, subcontractors, and contractors on this project.

32. Pursuant to Lien Law§75, failure of the trustee to keep the books and records required by that section is presumptive evidence that the trustee has applied or consented to the application of trust funds actually received by it as money for purposes other than a purpose for the trust as specified in §71. Lien Law §79(a) provides that any trustee of a trust arising under Lien Law Article 3-A, and any officer, director or agent of such trustee, who applies or consents to the application of trust funds actually received by John Englert as money for purposes of that

trust as defined in Lien Law §71 is guilty of larceny and punishable as provided in the Penal Law.

33. Accordingly, defendants have violated the Lien Law and are presumed by law to have committed an act which under New York law constitutes a larceny. Since the above acts constitute a public harm in violation of public policy as well as a violation of the Lien Law, the conduct of the defendants jointly and severally in distributing the trust funds is a public wrong, which wrong has simultaneously injured the plaintiff.

34. Because of the egregious conduct of the defendants in distributing trust monies in blatant violation of Lien Law accompanied by malice or reckless or willful disregard of plaintiff's rights, plaintiff is entitled to recover attorneys' fees and exemplary and punitive damages against the defendants.

35. The actions of defendants as hereinabove alleged constitute and/or are a part of a deceptive and wrongful scheme and pattern affecting the public welfare and right.

36. The present action is brought pursuant to the provisions of the Lien Law on behalf of plaintiff and on behalf of all other Lien Law trust beneficiaries who may seek to be vouched in, and who shall contribute to the expense of this action and participate in the proceeds thereof.

37. As a result of the aforesaid diversions, plaintiff has been damaged by the trust fund defendants in the sum of $40,827.50, plus interest and attorneys' fees, together with punitive damages as the Court may direct.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST<br>DEFENDANTS, JOHN DOE 1 THROUGH 5

38. Defendants, John Doe 1 through 5, are corporate officers, agents, directors, owners, shareholders or otherwise are individuals employed by, retained by or under contract

with trust fund defendants and which individuals received certain trust fund assets which assets were for the benefit of the plaintiff herein.

39. Upon information and belief, defendants, John Doe 1 through 5, did knowingly, intentionally and willfully divert the aforesaid trust fund assets and such diversion was in violation of the provisions of Article 3-A of the Lien Law of the State of New York by diverting said assets to non-trust purposes.

40. As a result of the aforesaid, defendant, John Doe 1 through 5, are liable to the plaintiff for the sum of $40,827.50, together with interest and attorneys' fees and such other damages as may accrue which arise out of the aforesaid trust fund diversions, together with punitive damages as the Court may direct.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST
DEFENDANTS, JOHN DOE 6 THROUGH 10

41. Defendants, John Doe 6 through 10, are lenders, banks or entities who are transferees of trust fund assets which transfers were made in violation of the Lien Law of the State of New York.

42. Upon information and belief, John Doe 6 through 10, at the time of receipt of said trust fund assets, knew or should have known that said transfers were in violation of Article 3-A of the Lien Law of the State of New York.

43. By reason of the foregoing, John Doe 6 through 10 are liable for participation in and/or receipt of a diversion of trust fund assets in violation of Article 3-A of the Lien Law of the State of New York.

44. By reason of the foregoing, John Doe 6 through 10 are liable to the plaintiff in the sum of $40,827.50, plus interest and attorneys' fees, together with punitive damages as the Court may direct.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## LIBERTY MUTUAL GROUP, INC.

45. Upon information and belief, the defendant, Liberty Mutual Group, Inc., as surety, provided Structural Associates, Inc. with a material and labor payment bond as required by the owner, Mattydale Army Reserve Center (hereinafter "owner"), and as required by Section 137 of the State Finance Law which bond, by its terms and effect, inured to the benefit of subcontractors, suppliers and materialmen to Structural Associates, Inc. and Material Handling Technologies, Inc., as required by Section 137 of the State Finance Law.

46. Pursuant to its contract with defendant, Material Handling Technologies, Inc., plaintiff performed the terms and conditions of its contract and remains entitled to be paid on said contract the sum of $40,827.50, plus interest. Plaintiff has complied with all notice provisions required in the aforesaid payment bond and as required by Section 137 of the State Finance Law. Plaintiff is a beneficiary under the bond.

47. Notwithstanding plaintiff's due demand for payment, Material Handling Technologies, Inc. has failed and refused to pay plaintiff the sum of $40,827.50 plus interest.

48. As a result of the aforesaid failure to pay, Liberty Mutual Group, Inc. is indebted to plaintiff in the amount of $40,827.50 with interest, plus attorneys' fees as permitted by Section 137 of the State Finance Law of the State of New York.

WHEREFORE, plaintiff, Major Partitions, respectfully demands judgment as follows:

(1) against defendant, Material Handling Technologies, Inc., on its first cause of action in the amount of $40,827.50, together with interest thereon at the rate of 12% per annum pursuant to Section 756-b of the General Business Law of the State of New York, and attorneys' fees; and

(2) against defendant, Material Handling Technologies, Inc., on its second cause of action in the amount of $40,827.50, together with interest thereon at the rate of 12% per annum pursuant to Section 756-b of the General Business Law of the State of New York, and attorneys' fees; and

(3) against defendant, Material Handling Technologies, Inc., on its third cause of action in the amount of $40,827.50, together with interest thereon at the rate of 12% per annum pursuant to Section 756-b of the General Business Law of the State of New York, and attorneys' fees; and

(4) on its fourth cause of action against defendant, Material Handling Technologies, Inc., and first cause of action against defendant, John Englert, in the amount of $40,827.50, plus interest and attorneys' fees, an Order directing all parties and persons in receipt of trust funds to return all trust funds to the Lien Law Article 3-A trust for distribution by the Court, together with punitive damages;

(5) On its first cause of action against the defendants, John Doe 1 through 5, in the amount of $40,827.50, together with interest and attorneys' fees and such other damages as may accrue which arise out of the aforesaid trust fund diversions, an Order directing all parties and persons in receipt of trust funds to return all trust funds to the Lien Law Article 3-A trust for distribution by the Court, together with punitive damages as the Court may direct; and

(6) On its first cause of action against the defendant, John Doe 6 through 10, in the amount of $40,827.50, plus interest and attorneys' fees, an Order directing all parties and persons in receipt of trust funds to return all trust funds to the Lien Law Article 3-A trust for distribution by the Court, together with punitive damages as the Court may direct; and

(7)     together with such other and further relief as the Honorable Court deems just and proper.

Dated: April 19, 2018

_____
Jason B. Bailey, Esq.
Bar Roll No. 513764
Sheats & Bailey, PLLC
*Attorneys for Plaintiff*
*Major Partitions*
P.O. Box 586
Liverpool, New York 13088
Telephone (315) 676-7314